UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORY BARCUS,

          Plaintiff,

   v.

HOME DEPOT U.S.A., INC.,

          Defendant.

CASE NO. 11-cv-05857 JRC

ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR AN ORDER COMPELLING DISCOVERY

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (see also Joint Status Report, ECF No. 9, p. 3). This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Action or in the Alternative for an Order Compelling Discovery [FRCP 41(b) and 37(a)] (ECF No. 14). Plaintiff has not responded to this motion.

      The Court finds that plaintiff's failure to provide responses to discovery is prejudicing defendant's ability to prepare for trial. Therefore, unless plaintiff provides complete disclosure and responses by May 3, 2012, this Court will grant defendant's motion to dismiss.

## PROCEDURAL HISTORY

Plaintiff, CORY BARCUS, filed a complaint in this Court against defendant, HOME DEPOT U.S.A., INC., on October 17, 2011 (see ECF No. 1). Plaintiff alleges that he incurred an injury while attempting to load merchandise onto his truck with assistance from one of defendant's employees (see id., ¶ 3). Although plaintiff initially was represented by an attorney, on February 28, 2012, the Court granted the Motion to Withdraw as Attorney, which was filed by plaintiff's counsel (see ECF Nos. 12, 13). Although the Motion to Withdraw as Attorney indicated that plaintiff had agreed to seek and retain other counsel for representation in this matter, no attorney has appeared on behalf of plaintiff since that point in time (see ECF No. 12, p. 1).

On March 23, 2012, defendant filed the instant Motion to Dismiss Plaintiff's Action or in the Alternative for an Order Compelling Discovery (see ECF No. 14; see also ECF Nos. 15-16). On April 12, 2012, defendant filed a Reply in which it indicated that plaintiff had not filed a response to the instant motion (see ECF No. 17, p. 1).

Defendant contends that plaintiff did not notify the Court or defendant of a change of address; that plaintiff has not served defendant with Initial Disclosures; and, that plaintiff has not served defendant with his answers and responses to Interrogatories and Requests for Production, which defendant contends now are more than two months overdue (see ECF No. 14, p. 1). Defendant moves the Court to dismiss this action or in the alternative, to issue an order compelling plaintiff's Initial Disclosures and for plaintiff to provide answers and responses to outstanding Interrogatories and Requests for Production by April 20, 2012 (see id., pp. 1-2).

|   |   |
|---|---|
| 1 | DISCUSSION |
| 2 | A complaint by a plaintiff who is representing himself should not be dismissed before |
| 3 | consideration of the merits when "other less drastic alternatives are [] available." See Eldridge v. |
| 4 | Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Nevijel v. North Coast Life Ins. Co., 651 F.2d |
| 5 | 671, 674 (1981)); see also Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam) (other |
| 6 | citations omitted)).  According to the Ninth Circuit, such a dismissal would not be appropriate. |
| 7 | See Eldridge, supra, 832 F.2d at 1137. |
| 8 | However, defendant is entitled to proceed with discovery and plaintiff's failure to |
| 9 | respond is likely to prejudice defendant's ability to prepare its case.  Therefore, the |
| 10 | THE COURT HEREBY ORDERS plaintiff to provide his Initial Disclosures and |
| 11 | complete answers to Defendant's First Set of Interrogatories and Requests for Production to |
| 12 | Plaintiff (ECF No. 15, Exhibit B) to defendant no later than 5:00 p.m., Thursday, May 3, 2012. |
| 13 | Failure to comply with this order may result in the dismissal of this action. |
| 14 | Dated this 18th day of April, 2012. |

J. Richard Creatura
United States Magistrate Judge